United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDJUAN C. SCOTT,                                      No. C 09-00720 JF (PR)

                              Plaintiff,             ORDER OF DISMISSAL WITH LEAVE
                                                     TO AMEND
        vs.

ANTIOCH POLICE DEPT., et al.,

                              Defendants.
_____/

        Plaintiff, a California prisoner currently held at the Martinez Detention Facility,

filed in pro se the instant civil rights action pursuant to 42 U.S.C. § 1983.  The Court

dismissed this action for failure to pay the filing fee or file a completed in forma pauperis

application, and then granted Plaintiff's motion to reopen the action for good cause shown

on December 21, 2009.  (Docket No. 10.)  Plaintiff was granted leave to proceed in forma

pauperis.  (Docket No. 10.)  For the foregoing reasons, the Court will dismiss the

complaint with leave to amend.

///

///

///

United States District Court
For the Northern District of California

**DISCUSSION**

A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Plaintiff's Claims

Using forms for filing claims with the Board of Supervisors of Contra Costa County, Plaintiff filed this action alleging that officers of the Antioch Police Department and the Pittsburg Police Department wrongfully fired upon him over 40 times during the course of an arrest on August 9, 2008, following a robbery at the Antioch Wells Fargo Bank.  (Compl. "Additional Sheet to Claim on P.P.D.").  Plaintiff states that he was one of four suspects involved in the robbery, and that their attempt to flee from the scene of the crime lead to a highspeed car chase.  (Id.)  Plaintiff claims that he was trying to surrender, but that he was shot at several times by the officers.  (Id.)  Plaintiff claims that the abuse from the officers caused him pain and suffering, including post traumatic stress disorder, and seeks monetary damages.

An allegation of the use of excessive force by a law enforcement officer in effectuating an arrest states a valid claim under 42 U.S.C. § 1983.  See Rutherford v. City of Berkeley, 780 F.2d 1444, 1447 (9th Cir. 1986), overruled on other grounds by Graham

United States District Court
For the Northern District of California

v. Connor, 490 U.S. 386 (1989).  Excessive force claims which arise in the context of an arrest or investigatory stop of a free citizen are analyzed under the Fourth Amendment reasonableness standard.  See Graham v. Connor, 490 U.S. 386, 394-95 (1989)

Plaintiff's complaint is nevertheless deficient because he fails to state the specific action of each officer which lead to his injuries.  He names several individuals in the county complaint forms under question 5, "What are the names of county or district officers, servants, or employees causing the damage or injury?" but fails to describe how each of these named individuals are responsible for his alleged injuries.  In the very least, Plaintiff must show how he is able to identify these individuals as being liable, even if he is unable to identify them from his own recollection of the incident.  Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  See Leer, 844 F.2d at 633.  The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.  See id. (citations omitted).  Plaintiff will be given leave to amend to attempt to cure these deficiencies, and to do so by using the court's form complaint.

## CONCLUSION

1.     The complaint is DISMISSED with leave to amend within **thirty (30) days** from the date this order is filed to cure the deficiencies described above.  The amended complaint must include the caption and civil case number used in this order (09-00720 JF (PR)) and the words FIRST AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the previous complaints, Plaintiff must include in

his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the prior complaint by reference.  **Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to Plaintiff.**

2.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

3.      The Clerk of the Court shall include two copies of the court's form complaint with a copy of this order to Plaintiff.

IT IS SO ORDERED.

DATED: ____8/9/10_____

JEREMY FOGEL
United States District Judge

United States District Court
For the Northern District of California

# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN DISTRICT OF CALIFORNIA


EDJUAN SCOTT,

                  Plaintiff,

  v.

ANTIOCH POLICE DEPT.,

                  Defendants.
_____/

                  Case Number: CV09-00720 JF

                  **CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on __8/17/10_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Edjuan C. Scott CC08AD969
Martinez Detention Facility
901 Court Street
D-Module #27
Martinez, CA 94553


Dated: __8/17/10_____

                  Richard W. Wieking, Clerk