IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDJUAN C. SCOTT, | ) | No. C 09-0720 LHK (PR) |
| | ) | |
| Plaintiff, | ) | ORDER TO SHOW CAUSE; |
| | ) | GRANTING MOTION TO |
| v. | ) | COMPEL; DENYING MOTION |
| | ) | FOR SUMMARY JUDGMENT |
| | ) | WITHOUT PREJUDICE |
| OFFICER JOHN FORTNER, et al., | ) | |
| | ) | (Dkt. Nos. 40, 42) |
| Defendants. | ) | |

Plaintiff, a pretrial detainee proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his right to be free from excessive force. Defendants argue that Plaintiff has refused to comply with discovery. For the reasons stated below, Defendants' motion to compel is GRANTED. Plaintiff is ordered to respond to Defendants' discovery requests, and show cause why this action should not be dismissed. Defendants' motion for summary judgment is denied without prejudice to re-filing.

**PROCEDURAL HISTORY**

This action commenced over three years ago on February 18, 2009. (Dkt. No. 1.) On September 17, 2010, Plaintiff filed an amended complaint. (Dkt. No. 12.) On March 7, 2011, the Court ordered service upon named Defendants, and directed them to file a dispositive motion. (Dkt. No. 15.) On June 24, 2011, Defendants served special interrogatories and

1 requests for production of documents on Plaintiff. (Dkt. No. 34, Decl. Schirmer at ¶¶ 2-13.)
2 Responses were due by July 27, 2011 (*Id.* at ¶ 14.) On August 10, 2011, Defendants sent a letter
3 to Plaintiff advising him that discovery responses were past due, and requested late responses by
4 August 22, 2011. (*Id.* at ¶ 15.) After having received no communication from Plaintiff,
5 Defendants filed a motion to compel on September 16, 2011. (*Id.* at ¶ 16; Dkt. No. 34.) On
6 October 6, 2011, Plaintiff filed a letter with the Court requesting an extension of time of 90 days,
7 by which time he hoped his criminal case would have concluded, or he would have obtained a
8 civil lawyer. (Dkt. No. 36.) On October 31, 2011, Defendants filed a motion for summary
9 judgment. (Dkt. No. 37.)

10 On November 9, 2011, the Court granted Plaintiff an extension of time to file his
11 discovery responses and directed him to do so no later than January 9, 2012. (Dkt. No. 39.) The
12 Court also denied Defendants' motion for summary judgment without prejudice to refiling once
13 Plaintiff complied with their discovery requests.

14 On January 20, 2012, Defendants filed another motion to compel, in which they indicated
15 that Plaintiff still had not provided any discovery requests. (Dkt. No. 40; Decl. Schirmer at ¶
16 23.) On January 27, 2012, the Court ordered Plaintiff to respond to Defendants' motion to
17 compel no later than February 9, 2012. (Dkt. No. 41.) In the order, the Court warned Plaintiff
18 that his failure to respond could result in sanctions, up to and including dismissal. On January
19 31, 2012, Defendants re-filed their motion for summary judgment. (Dkt. No. 42.) Plaintiff did
20 not comply with the order to respond to Defendants' motion to compel.

21 Instead, on February 22, 2012, the Court received a letter from Plaintiff. (Dkt. No. 43.)
22 In the letter, Plaintiff alleged that he was being "held hostage" at the Martinez Detention Facility
23 "as discussed in other cases mentioned," and he has been "unable to timely respond as
24 requested." (*Id.*) He discussed the difficulties that he was having regarding his other cases, and
25 requested a 30 day extension of time in this instant matter. On February 27, 2012, counsel for
26 Defendants filed a letter requesting dismissal of this action for failure to comply with Court
27 orders. (Dkt. No. 44.) As pointed out by defense counsel, the Court notes that on July 29, 2011
28 – one month after Defendants served their discovery requests on Plaintiff in the underlying

action – Plaintiff filed a 13-page federal civil rights complaint, in *Scott v. Hoen*, No. 11-3754 RS (N.D. Cal. filed July 29, 2011), claiming that jail officials placed a wire tap in his cell and placed him under surveillance. Although dismissed by the Court on September 1, 2011, Plaintiff filed a motion for leave to proceed in forma pauperis on October 12, 2011. *Id.* Then, on September 22, 2011 – less than one week after Defendants filed their first motion to compel in the underlying action – Plaintiff filed a 16-page federal civil rights complaint in *Scott v. Deputy County*, No. 11-4728 YGR (N.D. Cal. filed Sept. 22, 2011), alleging that jail officials have been deliberately indifferent to his serious medical needs.

To date, Plaintiff has not filed an opposition to Defendants' motion for summary judgment, nor has he otherwise communicated with the Court.

## DISCUSSION

Federal Rule of Civil Procedure 37 authorizes the Court to apply sanctions for failure to comply with Court discovery orders. *See* Fed. R. Civ. P. 37(d), 37(b). The sanction of dismissal is permitted, Fed. R. Civ. P. 37(b)(2)(C), but should only be applied if the conduct being sanctioned rises to the level of willfulness, fault, or bad faith. *See Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985). Disobedient conduct within the control of the litigant is sufficient to demonstrate willfulness, fault, or bad faith. *Id.* at 1341.

A district court may also dismiss an action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991). "[F]ailure to prosecute diligently is sufficient by itself to justify a dismissal." *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). "But only unreasonable delay will support a dismissal for lack of prosecution." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1280 (9th Cir. 1980) (emphasis added). Moreover, although the Court must construe *pro se* pleadings liberally, *pro se* litigants are not excused from following the rules of procedure. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam).

A police excessive force claim is a serious one that calls "into question the manner by which the state exercises its monopoly on the legitimate use of force. Thus, the public has an

interest in having this case decided on the merits." *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996) (public had an interest in having case decided on the merits where two arrestees claimed that in separate incidents and after being restrained, they were beaten by officers and repeatedly bitten by a police dog and suffered injuries including deep dog bites on the thighs, groins, arms, and legs requiring stitches, permanent shoulder damage and severe bruising). Before considering sanctions, including dismissal, the Court will give Plaintiff one final opportunity to properly litigate this case.

### CONCLUSION

In light of the above, Defendants' motion to compel is GRANTED. Within 30 days of the filing date of this order, Plaintiff shall respond to all discovery requests, including: special interrogatories, requests for production of documents, and requests for admissions.

In addition, within 30 days of the filing date of this order, Plaintiff must show good cause why this case should not be dismissed for failure to prosecute and failure to comply with Court orders. Plaintiff is advised that "good cause" is shown by demonstrating that the failure to act in a timely manner is because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B); *see, e.g.*, *Carter v. Dawson*, No. 07-1325-OWW-SMS, 2011 WL 2160566, *2 (E.D. Cal. June 1, 2011) (warning prisoner that having limited access to a computer, or being preoccupied by preparing pleadings in other cases does not constitute "good cause").

Defendants' motion for summary judgment is DENIED without prejudice to refiling.

Failure to comply with this order will result in sanctions, which may include dismissal of this action with prejudice. Given Plaintiff's multiple delays in prosecuting this case, no requests for extensions of time will be entertained absent exigent circumstances and good cause. Defendants shall notify the Court after the 30 day deadline whether Plaintiff has responded to all of their discovery requests.

This order terminates docket numbers 40 and 42.

IT IS SO ORDERED.

DATED: __5/18/12__

_Lucy H. Koh_
LUCY H. KOH
United States District Judge