**FILED**

JUL 1 7 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDJUAN C. SCOTT, | ) | No. C 09-0720 LHK (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| v. | ) | |
| OFFICER JOHN FORTNER, et al., | ) | |
| Defendants. | ) | |

Plaintiff, a pretrial detainee proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his right to be free from excessive force.  On May 21, 2012, after reviewing Defendants' unsuccessful attempts at obtaining discovery responses from Plaintiff for close to a year, the Court granted Defendants' motion to compel discovery.  The Court gave Plaintiff one last opportunity to comply by ordering him to respond to Defendants' discovery requests within thirty days.  The Court also ordered Plaintiff to show good cause within thirty days why this case should not be dismissed for failure to prosecute and failure to comply with Court orders.  Plaintiff was warned that the failure to comply would result in sanctions, which could include dismissal of this action with prejudice.

More than thirty days have passed, and Defendants have notified the Court that Plaintiff has not responded to their discovery requests.  Plaintiff has also failed to respond to the Court's

Order of Dismissal
G:\PRO-SE\SJ.LHK\CR.09\Scott720dis.wpd

1   order to show cause.

2        A district court may dismiss an action for failure to prosecute pursuant to Federal Rule of

3   Civil Procedure 41(b). *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *McKeever v. Block,*

4   *932 F.2d 795, 797* (9th Cir. 1991). "[F]ailure to prosecute diligently is sufficient by itself to

5   justify a dismissal." *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). "But only

6   unreasonable delay will support a dismissal for lack of prosecution." *Nealey v. Transportacion*

7   *Maritima Mexicana, S.A.*, 662 F.2d 1275, 1280 (9th Cir. 1980).

8        A dismissal for failure to prosecute is generally with prejudice and operates as an

9   adjudication on the merits for purposes of preclusion. *See* Fed. R. Civ. P. 41(b); *In re*

10   *Schimmels*, 127 F.3d 875, 884 (9th Cir. 1997). Dismissal with prejudice of a complaint under

11   Rule 41(b) is a harsh remedy, and the district court should first consider less drastic alternatives.

12   *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Further, because the harshness of a

13   dismissal with prejudice is directly proportionate to the likelihood that a plaintiff would prevail

14   if permitted to go forward to trial, the district court should consider the strength of a plaintiff's

15   case if such information is available before determining whether dismissal with prejudice is

16   appropriate. *See id.* at 1178-79.

17        In this case, Plaintiff claims that Defendants violated his right to be free from excessive

18   force. Plaintiff alleges that after a bank robbery, the police engaged in a high-speed car chase

19   with Plaintiff and his associates. (Am. Compl. form at 3, Am. Compl. at 1, 2.) At some point,

20   the car chase stopped, and Officers Fortner and Graham got out of their vehicles to continue

21   chasing Plaintiff and his associates, who were on foot. (Am. Compl. at 1.) One of the

22   Defendants believed that Plaintiff or his associates fired a gun shot. (*Id.* at 3.) Other Defendants

23   believed they saw "black objects" in the hands of Plaintiff or his associates and began to fire

24   their own weapons. (*Id.* at 1, 3.)

25        Because Plaintiff has refused to engage in discovery, there is little on the record to

26   indicate that he is likely to succeed on the merits. Although Plaintiff asserts that he began to

27   surrender and was unarmed when Defendants began shooting at him, under the circumstances, a

28   reasonable officer in Defendants' positions could have believed that the force used on Plaintiff

1   was justified. Moreover, Plaintiff concedes that he was not physically injured, although he

2   claims that he suffered mental harm. (Am. Compl. at 5.) Thus, at this time, the strength of

3   Plaintiff's case is not strong.

4          A court should also consider five factors before dismissing an action under Rule 41(b):

5   (1) the public interest in the expeditious resolution of the litigation; (2) the Court's need to

6   manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic

7   sanctions; and (5) the public policy favoring the disposition of actions on their merits. *See*

8   *Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987); *Henderson v. Duncan*,

9   779 F.2d 1421, 1424 (9th Cir. 1986). Application of these factors to this case favors dismissal.

10   *See Malone*, 833 F.2d at 128, 130.

11          Plaintiff's failure to cooperate in simple pretrial discovery has hindered efficient

12   management of this case. Because Plaintiff has violated two Court orders directing him to

13   respond to Defendants' discovery requests, the first two factors – the public's interest in the

14   expeditious resolution of litigation and the Court's need to manage its docket – weigh in favor of

15   dismissal. *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). Plaintiff

16   initiated this action on February 18, 2009. However, because he has failed to comply with

17   discovery, it has not progressed much further. The Court is attentive to the particular needs of

18   *pro se* plaintiffs, but need not endlessly accommodate a litigant who refuses to obey its orders.

19   *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (Court's interest in docket control

20   weighed in favor of dismissal of action where plaintiff failed to comply with Court's order to file

21   an amended complaint).

22          Courts generally find prejudice to the opponent – the third factor – if a party disregards

23   deadlines and the Court's orders and warnings without justification. *See Malone*, 833 F.2d at

24   131; *Adriana Int'l Corp.*, 913 F.2d at 1412 (finding that the failure to respond to a request for

25   production also justifies dismissal due to prejudice). The Court's previous order directed

26   Plaintiff to respond, and warned him that sanctions would be imposed if he failed to comply.

27   Plaintiff failed to comply. This conduct alone justifies dismissal. Additionally, the risk of

28   prejudice to Defendants is high, in that the events alleged in this action occurred on August 9,

1    2008, nearly three years ago.  The longer the suit is delayed, the more witnesses' memories will

2    fade, and the more difficult it will be to defend the case.

3            The public policy favoring disposition of cases on their merits is the only factor that

4    arguably weighs against dismissal.  A police excessive force claim is a serious one that calls

5    "into question the manner by which the state exercises its monopoly on the legitimate use of

6    force.  Thus, the public has an interest in having this case decided on the merits." *Dahl v. City of*

7    *Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996).  However, while excessive force is never to

8    be condoned, the force Plaintiff alleges in this case is not so egregious that the need to adjudicate

9    his case on its merits outweighs the other four factors favoring dismissal.  *See Ferdik*, 963 F.2d

10   at 1262-63 (even if ambiguity about prejudice to defendants and "public policy favoring

11   disposition on the merits both weighed against dismissal, they would not outweigh the other

12   three factors that strongly support dismissal here").

13           Finally, the Court has attempted to use less drastic sanctions by denying Defendants' first

14   motion to compel, and ordering Plaintiff to respond.  After Plaintiff failed to respond,

15   Defendants filed another motion to compel, and the Court again attempted to use less drastic

16   sanctions by ordering Plaintiff to respond, and directing him to show cause why the action

17   should not be dismissed for failure to prosecute and failure to comply with Court orders.  Yet

18   Plaintiff has continued to remain silent.  The Court must now consider more drastic sanctions.

19   Monetary sanctions are inappropriate due to Plaintiff's in forma pauperis status.  Plaintiff has

20   already been given significant time to engage in discovery.  Giving him indefinite opportunities

21   would be unfair to Defendants.

22           The Court is well aware of its need to be particularly sensitive to the challenges faced by

23   *pro se* litigants unfamiliar with the judicial process.  *See Balistreri v. Pacifica Police Dept.*, 901

24   F.3d 696, 699 (9th Cir. 1990).  However, the delay in this case is not due to Plaintiff's

25   inexperience with complex procedures.  Plaintiff ignored clear discovery requests, deadline

26   notices, and violated explicit instructions and orders by the Court.  He has repeatedly and

27   willfully hindered efficient adjudication of his claims.

28

Order of Dismissal
G:\PRO-SE\SJ.LHK\CR.09\Scott720dis.wpd                4

**CONCLUSION**

In light of the above, the court DISMISSES this action WITH PREJUDICE for failure to prosecute, and failure to comply with Court orders. The Clerk shall terminate all pending motions, enter judgment, and close the file.

IT IS SO ORDERED.

DATED: 7/17/12

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


EDJUAN SCOTT,

                Plaintiff,

    v.

OFFICER JOHN FORNER et al,

                Defendant.

_____/

Case Number: CV09-00720 LHK

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 17, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Edjuan C. Scott CC08AD969
Martinez Detention Facility
901 Court Street
D-Module #27
Martinez, CA 94553

Dated: July 17, 2012

                                       Richard W. Wieking, Clerk
                                       /s/ By: Elizabeth Garcia, Deputy Clerk